**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WALTER GREATHOUSE (Travis Co.** | § | |
| **#15-09616)** | § | |
| | § | |
| **V.** | § | **A-15-CV-626-SS** |
| | § | |
| **STATE PROSECUTORS OFFICE OF** | § | |
| **TRAVIS COUNTY, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and memorandum in support. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex in Del Valle, Texas. Plaintiff sues the "State Prosecutors Office of Travis County," the State of Texas, Travis County, and Travis County Criminal Investigators.

According to Plaintiff, he was arrested on or about March 13, 2015, after a "spirited dispute with his wife." Plaintiff contends the police affidavit was exaggerated, out of context, frivolous, misleading and incriminating. Plaintiff asserts he and his victim agree the police conducted an

unreasonable search and seizure of the premises.   During the search, investigators allegedly discovered an old dysfunctional firearm.   Plaintiff contends the investigators claimed it was exhibited and possibly used by Plaintiff during the incident in question.   Plaintiff asserts subsequent to the incident he has made amends with the victim, offered restitution, and expressed remorse. According to Plaintiff, the victim has submitted a non-prosecution affidavit, but it was rejected by the prosecutors.   Plaintiff asserts the prosecutors have restricted his communication with his wife and are thwarting reconciliation efforts.   As a result, he contends his due process rights have been violated and he has been discriminated against.   Plaintiff requests a declaratory judgment, a pretrial writ of habeas corpus, the dismissal of his indictment, and a discharge of his prosecution.

Attached to Plaintiff's complaint is a memorandum in which Plaintiff primarily asserts the abridgment of the Texas Speedy Trial Act violates his rights under the Constitution and laws of the nation.   He seeks a preliminary and permanent injunction against the State to cease its "administration of this abriged [sic] state law."   Plaintiff further seeks damages against the State of Texas and Travis County.   He also asks the Court to grant some unspecified relief under the Supremacy Clause and to preempt the Texas Speedy Trial Act.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.   A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.   Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

2

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      B.    Eleventh Amendment Immunity

Plaintiff's claims brought against the State of Texas are barred. The Eleventh Amendment provides the State of Texas, as well as its agencies, are immune from liability. Kentucky v. Graham, 473 U.S. 159, 167 (1985). This includes claims brought against a state pursuant to 42 U.S.C. § 1983. Aguilar v. Texas Dept. of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir.1998).

      C.    Prosecutorial Immunity

Plaintiff does not make clear whether he is suing individual prosecutors at the Travis County District Attorney's Office or is suing the office. The prosecutors of the "State Prosecutors Office of Travis County" are protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)

(quoting Buckley v. Fitzsimmons, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987). Not all prosecutorial functions are protected. In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the prosecutors which are clearly protected by prosecutorial immunity. In this action, Plaintiff does not allege any actions taken by the prosecutors were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Accordingly, to the extent Plaintiff is attempting to sue the prosecutors of Travis County, they are protected by absolute immunity.

D.    Heck v. Humphrey

Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

According to the records of the 147th Judicial District Court of Travis County, Texas, Plaintiff pleaded guilty to aggravated assault with a deadly weapon, a firearm, on August 17, 2015. Plaintiff was sentenced to five years in prison. Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. The procedural history of his case indicates just the opposite. Accordingly, Plaintiff's claims for declaratory relief and monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

E.    Habeas Claims

To the extent Plaintiff seeks a pretrial writ of habeas corpus, the dismissal of his indictment, and a discharge of his prosecution, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). In light of Plaintiff's recent conviction, it is clear he has not exhausted his state court remedies. Accordingly, Plaintiff's habeas corpus

claims should be dismissed without prejudice to refiling in an application for habeas corpus relief after he has exhausted his state court remedies.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims against the State of Texas be dismissed without prejudice for want of jurisdiction, Plaintiff's civil rights claims against the prosecutors of Travis County, to the extent Plaintiff makes such claims, be dismissed with prejudice, and Plaintiff's civil rights claims brought against the remaining defendants be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met. Such dismissal is dismissal as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's habeas corpus claims be dismissed without prejudice to filing an application for habeas corpus relief after he has exhausted his state court remedies.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer

to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

7

injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of September, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE