IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 DEC -8  AM 9: 23

CLERK U[S] [DISTRICT] COURT
WESTERN [DISTRICT OF] TEXAS
BY_____ 

WALTER GREATHOUSE (Travis Co. #15-09616),
        Plaintiff,

-vs-                                 Case No. A-15-CA-626-SS

STATE PROSECUTORS OFFICE OF TRAVIS COUNTY, STATE OF TEXAS, TRAVIS COUNTY, and TRAVIS COUNTY CRIMINAL INVESTIGATORS,
        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Walter Greathouse's 42 U.S.C. § 1983 Complaint [#1] and the Report and Recommendation of the United States Magistrate Judge [#7]. No objections were filed. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

At the time he filed his § 1983 complaint, Plaintiff was incarcerated in the Travis County Correctional Complex in Del Valle, Texas. As of October 5, 2015, Plaintiff was confined in the Texas Correctional Institutions Division—Holliday Transfer Facility in Huntsville, Texas. *See* Notice [#11]. Plaintiff brings suit against the State of Texas, Travis County, the "State Prosecutors Office of Travis County," and "Travis County Criminal Investigators," alleging violations of his due process rights and an unspecified form of discrimination.

Plaintiff's arrest began with a domestic incident: according to Plaintiff, he was taken into custody following a "spirited dispute with his wife." Plaintiff claims that during the incident, the police "conducted an unreasonable search and seizure of the premises" during which they discovered an "old dysfunctional firearm." According to Plaintiff, the police collected the firearm as evidence "with the malicious and sadistic intent of incriminating" him.

Plaintiff states he and his wife thereafter mended fences and his wife submitted a non-prosecution affidavit to the prosecuting attorney's office, which was rejected. Plaintiff claims the prosecution launched "a concerted program of malicious prosecution, threat and intimidation, and persecution" against him. Plaintiff further alleges the prosecutor(s) are "deliberately restricting" his communication with his wife, "thwarting reconciliation efforts," and "interfering" with the couple's mail and telephone conversations. Plaintiff alleges these actions violate his due process rights and "federal civil rights in regards to the federal prohibition on discriminatory practices of law enforcement."

Additionally, Plaintiff attaches a lengthy and largely incomprehensible memorandum to his § 1983 complaint which appears to argue the Texas Speedy Trial Act should be invalidated on separation of powers grounds, violates his civil rights, and is preempted by federal law. Plaintiff does not explain how these additional claims arise from any operative events.

## Analysis

As Plaintiff is proceeding *in forma pauperis*, his complaint may be dismissed at any time if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* status does not afford the complainant "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The Court agrees with the Magistrate Judge that dismissal of this suit is appropriate. First, Plaintiff's claims against the State of Texas are barred by the Eleventh Amendment. *See, e.g., Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."). Second, as the Magistrate Judge explained, to the extent Plaintiff sues individual state prosecutors of the "State Prosecutors Office of Travis County," those prosecutors are protected by absolute prosecutorial immunity, as Plaintiff's allegations concern actions the prosecutors allegedly took in the course and scope of representing the State in Plaintiff's criminal proceedings. *See, e.g., Imbler v. Pachtman*,

424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Third, to the extent Plaintiff seeks recovery of damages for alleged constitutional violations related to his conviction and imprisonment or for other harm caused by unlawful actions allegedly rendering his conviction or sentence invalid, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover on such claims, "a § 1983 plaintiff must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Plaintiff's claims the investigators assigned to his case wrongfully incriminated him fall within the ambit of *Heck*, as if proved, they would call Plaintiff's conviction into question, and Plaintiff has made no showing his conviction or sentence has been reversed, expunged, declared invalid, or called into question.

Finally, to the extent Plaintiff "seeks either immediate release from . . . confinement or the shortening of its duration," a habeas petition, not a § 1983 action, is the appropriate vehicle for his challenge. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). A habeas petitioner must further exhaust his state remedies, and the question whether Plaintiff has done so is not clear from the record.

## Conclusion

For the reasons set forth above, the Court agrees with the Magistrate Judge that dismissal of Plaintiff's claims is appropriate.

Accordingly:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#7] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Walter Greathouse's claims against the State of Texas are DISMISSED WITHOUT PREJUDICE, as the State of Texas is immune from suit under the Eleventh Amendment;

IT IS FURTHER ORDERED that Plaintiff's claims against the prosecutors of Travis County in their individual capacities, to the extent raised, are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE to his right to re-file once the conditions of *Heck* are met; and

IT IS FINALLY ORDERED that Plaintiff's habeas claims, to the extent raised, are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 7th day of December 2015.

                                                              SAM SPARKS
                                                              UNITED STATES DISTRICT JUDGE